NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3117

PATRICIA J. MACKEY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED: October 11, 2005

_____

Before LOURIE, LINN, PROST, Circuit Judges.

PER CURIAM.

Patricia J. Mackey petitions for review of the final decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. Mackey v. Dep't of Treasury, No. AT-0752-04-0922-I-1 (M.S.P.B. Nov. 30, 2004). We affirm.

BACKGROUND

Effective August 23, 2003, Patricia Mackey resigned from her position as Management and Program Analyst with the Internal Revenue Service ("IRS"). Mackey, slip op. at 1. Subsequently, Mackey filed an equal employment opportunity ("EEO")

complaint and then an appeal to the Board asserting that her resignation was involuntary.[1]

In her appeal before the Board, Mackey explained that she was depressed at watching her father die following a lengthy illness and that she suffered from fibromyalgia. Id., slip op. at 2. Due to these circumstances, Mackey apparently stopped coming to work, and eventually resigned. She attributed, as factors leading to her resignation, correspondence with the agency directing her to return to work, denying her request for leave, and the agency's act of charging her with being absent without leave. Id.

In a preliminary order, the Administrative Judge ("AJ") informed Mackey that her appeal presented a jurisdictional issue and afforded her an additional opportunity to make a nonfrivolous allegation that her resignation resulted from duress, coercion, or misrepresentation by the agency. Id. Mackey, however, did not respond to the order, and the AJ subsequently determined that Mackey had not raised allegations that, if proven, would establish a prima facie case of involuntary retirement. Id., slip op. at 3. Specifically, the AJ noted that "[t]he fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential removal action does not rebut the presumed voluntariness of her ultimate choice of resignation." Id. (citing Schultz v. U.S. Navy, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987)). Thus, the AJ concluded that Mackey had not rebutted the presumption that her resignation was voluntary and dismissed the appeal for lack of jurisdiction. Id., slip op. at 3.

---

[1] The agency held that there was no discrimination in the EEO action. Id., slip op. at 1.

Mackey did not petition the full Board for review of the AJ's initial decision, rendering that decision final. Mackey timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993).

As an initial matter, we note that Mackey does not assert any error of law or procedure by the Board in the appeal before us, nor have we discerned any such error ourselves. Furthermore, Mackey's brief to this court does not provide any specific incident or other basis to rebut the presumption that her resignation was voluntary. Instead, Mackey contends only that she was not given the opportunity to demonstrate that her resignation was based on duress and coercion. According to Mackey, she never received the order from the AJ giving her the opportunity to make additional allegations in support of her facially-deficient appeal.

Contrary to her belief, Mackey was given sufficient opportunity to rebut the presumption that her resignation was voluntary in her initial appeal to the Board. Moreover, we presume that the AJ's order inviting her to do so was properly sent to Mackey, and Mackey's conclusory assertion that she did not receive it does not rebut that presumption. Indeed, in her petition, Mackey acknowledges the possibility that the

order was delivered, but that due to personal circumstances, she was unable to retrieve her mail. Although we are sympathetic to Mackey's personal circumstances, they do not create a procedural right giving her yet another opportunity to explain why her resignation was not voluntary. Accordingly, we affirm the Board's decision.